## Walling v. Wainscott

(Decided February 20, 1913.)

### Appeal from Fayette Circuit Court.

Contracts—Action for Breach—Pleading—Complaint.—In an action for alleged breach of two covenants of a contract, viz: to advance the necessary advertisements to get the best results; and to endorse paper of covenantee to the extent of $1,500, to be secured by bottling works, which must be in good running order and worth $1,500 before endorsement is made, the complaint, failing to point in what particular the covenant to advertise was not com-

plied with, or the methods used did not meet its requirements, or to show that other or additional means of advertisement were requested, or that complaint was made that the form or character of advertisement used was insufficient or to allege, that when request to endorse the paper was made, the plant was in running order and then worth $1,500, does not state a cause of action.

WADE & WADE, and J. A. EDGE, for appellant.

ALLEN & DUNCAN, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

G. L. Wainscott instituted, in the Fayette circuit court, an action against C. T. Walling, in which he sought to recover the sum of $65.50 on account. He also instituted an equitable action in the same court, against the same party, in which he sought to have a mortgage upon certain personal property enforced to satisfy a debt amounting to $468.70, alleged to be due him. It is alleged that the mortgage was given to secure the plaintiff against loss, on account of his having become surety for defendant on a note of $450.00 to the First National Bank of Lexington, Ky., that the note became due and the defendant failed and refused to pay it; and that plaintiff was required to do so, the principal and interest amounting to the sum sued for. By agreement the cases were consolidated. The defendant, in his answer, admits that he purchased the goods, the value of which was sued for in the first suit, also that he executed the note, but alleges that, by fraud of the plaintiff, he had received only a small portion of the proceeds; and that the balance had unlawfully and wrongfully been detained by the plaintiff; and that plaintiff, by reason of a breach of a contract, had damaged him in a sum largely in excess of the amount claimed in both the common law and equity suits. A demurrer was sustained to this answer, with leave to defendant to reform and amend. Later, defendant filed an amended answer, and a demurrer being sustained to this, he declined to plead further. The allegations of the petitions were taken for confessed, judgment entered in favor of plaintiff on his claim of $67.50 and also on the note, and the chattels pledged to secure the payment of the note directed sold for that purpose. The effect of the court's ruling was, of course, to hold the matter relied upon as a counterclaim or setoff no defense to this suit. The defendant appeals.

It appears that the business relations between these parties had their origin in the purchase by appellant of appellee, of the exclusive agency for the manufacture and sale of Roxa Kola in Fayette county. Relative to this transaction, they entered into the following contract:

"This agreement between G. L. Wainscott of Winchester, Kentucky, party of the first part, and C. T. Walling of Campbellsville, Kentucky, party of the second part, is:

"That for and in consideration of the consignment of territory composed of Lexington and Fayette county, Kentucky, by first party to second party, for the purpose of bottling the first party's special drink, ROXA KOLA, according to formula herein set out with a further guarantee by first party that he will not allow any person, or persons, to sell bottled Roxa Kola in this specified territory, the second party agrees:

"1st. To establish a bottling works in the city of Lexington, Ky., on or before November 1, 1910, to be known as the 'ROXA KOLA BOTTLING WORKS.'

"2nd. To bottle no other special drink, that is, he will bottle no drink that the ingredients or flavors for which cannot be bought in the open market from any ordinary house that sells specially to bottlers.

"8th. Second party agrees to keep a good stock of bottled Roxa Kola on hand at all times, and use due diligence to push its sale in preference to any other drink that he might manufacture.

"9th. That he will not sell or transfer any part or all of the said Roxa Kola Bottling Works to any person or persons to be operated in Lexington or Fayette county unless said person or persons bind themselves to comply with this contract.

"10th. That he will pay for all Roxa Kola Extract when account is due, and at the following prices, ordering not less than 10 Gal. each time,   *   *   *   *

"The said first party agrees to furnish advertising matter at cost to him, and allow 50 cts. per gallon from the above scale for that purpose.

"11th. That under no circumstances, will second party sell or attempt to sell any person or persons any goods manufactured in the said Roxa Kola factory for the purpose of retailing outside of the county of Fayette, state of Kentucky.

"It is agreed that first party will use due diligence

to get Roxa Kola placed on the market, and will advance the necessary advertisements to get the best results.

"It is further agreed that first party will endorse paper to the amount of $1,500 to be secured by the said Roxa Kola Bottling Works which must be in good running order, and worth $1,500.00 before any endorsement is made.

"Witness our hands in Winchester, Ky., this September 28, 1910.

G. L. Wainscott,<br>C. T. Walling."

Witness, L. M. Osborn.

The answer, as amended, is quite voluminous and contains much irrelevant and redundant matter, but, when reduced to its last analysis, appears to seek to defeat recovery on the claims set up in the positions upon two ground: First, that appellee failed to comply with that provision of the contract, in which he obligated himself "to advance the necessary advertisements to get the best results;" and second, because appellee declined to endorse appellant's paper to the extent desired.

As to the first proposition, when the answer and amended answer are read together, it is apparent that the matter pleaded entirely fails to show that appellee did not comply with his contract as to "advancing the necessary advertisements to get the best results." It is not pointed out in what particular he failed to meet this requirement of his contract. It is conceded that he caused advertisements to be inserted in the newspapers; that he furnished certain posters, which were posted in various parts of the city of Lexington; and it is not alleged that this method of advertising was not calculated to meet the requirements of the contract, in bringing appellant's business prominently into public notice; nor is it alleged that appellant ever requested other or additional means of advertisement, or made complaint to appellee that the form and character of advertisement, which he was furnishing, was not sufficient. If he regarded it as insufficient, he should seasonably have made this fact known to appellee, and his failure to do so, or to complain justified appellee in believing that the advertising matter, which he was furnishing, was not only meeting the requirements of his contract but was likewise acceptable to appellant.

As to the second ground of defense, the pleading is

wholly insufficient. The contract provides that appellee was to endorse paper, to the amount of $1,500.00 to be secured by said Roxa Kola Bottling Works, which must be in good running order and worth $1,500.00 before any endorsement is made. Now, it is true, the answer does state that a request was made of appellee to endorse for appellant and that a plant had been established, which was worth more than $1,500.00; but, appellant nowhere alleges that, at the time the application was made, the plant was in running order or that it was then worth $1,500.00. It is not difficult to understand how a plant might easily have cost more than $1,500.00, and still, if not in running order, be practically worthless and offer no adequate security for debt; and, before appellant could complain of appellee for refusing to endorse for him, it was essential that he should bring himself clearly within the terms and provisions of the contract. This, he failed to do, and the trial court properly held that his answer presented no defense.

Judgment affirmed.